UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA L.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:21-cv-27

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rebecca L. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error for this Court's review. The Commissioner's finding of non-disability will be AFFIRMED because it is supported by substantial evidence in the record as a whole.[2]

**I. Summary of Administrative Record**

On July 24, 2017, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging she became disabled on June 20, 2017, based upon a combination of physical and mental impairments. (Tr.19). After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law

---

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.
[2]The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

1

Judge ("ALJ"). At a hearing held on February 3, 2020, Plaintiff appeared with counsel and gave testimony before ALJ David Thompson. On April 1, 2020, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. (Tr.17-26). The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was 51 years old at the time of the hearing. (Tr. 43). She completed the tenth grade and later obtained her GED. (Tr. 44). She has past relevant work as a supervisor, EMT dispatcher and sales clerk.

The ALJ determined that Plaintiff has severe impairments of "lupus; chronic obstructive pulmonary disease; bronchiectasis; and obesity." (Tr. 19). Although Plaintiff argued at the hearing that her impairments were of listing level severity, the ALJ found that none of the impairments, alone or in combination, met or medically equaled any Listing in 20 C.F.R. Part 404, Subpart P, Appx. 1, such that Plaintiff would be entitled to a presumption of disability. (*Id.*)

The ALJ determined that Plaintiff could perform light work, subject to the following limitations:

> [S]he is limited to occasional climbing of ramps, stairs and ladders. She is limited to no climbing of ropes and scaffolds, and limited to occasional stooping, kneeling, crouching and crawling. She is limited to occasional overhead reaching bilaterally. She needs to avoid concentrated exposure to extreme cold, fumes, odors, dust and gases. She needs to avoid even moderate exposure to unprotected heights.

(Tr. 22).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform her past relevant work as a supervisor/ telecommunicator and salesclerk. (Tr. 26). Therefore, the ALJ determined that Plaintiff was not under a disability. (Tr. 26). Plaintiff urges this Court to reverse, arguing that the ALJ erred in failing

2

to find that her fibromyalgia and antiphospholipid antibody syndrome were severe impairments. The Court finds no reversible error.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

3

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Step-Two Finding is Substantially Supported**

Plaintiff argues that the ALJ erred because he did not find her fibromyalgia and antiphospholipid antibody to be severe impairments. Plaintiff's contention is unavailing.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, the

ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 404. 1521(b). Plaintiff is not required to establish total disability at this level of the sequential evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Secretary of H.H.S.*, 736 F.2d 352, 357 (6th Cir. 1984). An impairment will be considered non-severe only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Secretary of H.H.S.*, 773 F.2d 85, 90 (6th Cir. 1985) (citing *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The severity requirement is a "de minimus hurdle" in the sequential evaluation process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). See also *Rogers v. Commissioner*, 486 F.3d 234, 243 n. 2 (6th Cir. 2007).

Here, at step-two of the sequential evaluation, the ALJ found Plaintiff's lupus; chronic obstructive pulmonary disease; bronchiectasis; and obesity were severe impairments. (Tr. 19). With respect to Plaintiff's fibromyalgia, the ALJ acknowledged that Plaintiff was diagnosed with fibromyalgia in June 2016, about a year before her alleged onset date. (Tr. 20, citing Tr. 634). As the ALJ noted, there was no indication of why the doctor diagnosed Plaintiff with fibromyalgia as there was no testing done at the visit (for example, a tender point examination). (Tr. 19-20). After June 2016, fibromyalgia is almost never mentioned in the medical record and Plaintiff received virtually no treatment for this impairment.

It is well-settled that a mere diagnosis does not indicate the severity of an impairment, nor does it prove disability. *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the

5

condition."); *see also Denham v. Comm'r of Soc. Sec.*, No. 1:14-cv-611, 2015 WL 5471435, at *11 (S.D. Ohio Sept. 18, 2015) (disability is determined by the functional limitations a condition imposes, not the mere diagnosis of a condition). Here, while Plaintiff points to a diagnosis of fibromyalgia, she does not show that this diagnosis necessitated any treatment or caused severe symptoms. Plaintiff has offered no evidence to rebut the ALJ's findings and/or to establish that her fibromyalgia limited her ability to perform work activity. It is well established that the mere existence of an impairment, however, does not establish that Plaintiff was significantly limited from performing basic work activities for a continuous period of time. *Despins v. Commissioner of Social Security*, 257 F. App'x 923, 930 (6th Cir. 2007) (citing *Higgs v. Bowen*, 880 F. 2d 860, 863 (6th Cir. 1988)). When the record does not contain any reports, doctor statements or other information regarding a plaintiff's physical limitations or the intensity, frequency, and duration of pain associated with a condition, the Sixth Circuit has regularly found substantial evidence to support a finding of no severe impairment. *See Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. 2001) (citing *Higgs*, 880 F.2d at 860; *Maloney v. Apfel,* No. 99-3081, 2000 WL 420700 (6th Cir. Apr. 14, 2000)).

Plaintiff also argues that the ALJ erred by not assessing the severity of her antiphospholipid antibody syndrome ("APS"). In support of this contention, Plaintiff asserts that this condition has been properly diagnosed by Anna M. Murillo, M.D., of Bellefonte Oncology Associates in April of 2015. (Tr. 402). Notably, Plaintiff contends that she can show that her antiphospholipid antibody syndrome has been properly diagnosed and substantiated by diagnostic testing and further that said condition has resulted in limitations in her ability to perform basic work activities as required by SSR 85-28.

6

However, as noted by the Commissioner, while an APS diagnosis shows up throughout the medical record, Plaintiff's treatment remained stable and there is no indication that this impairment caused any functional limitations. Plaintiff alleges that the 2015 treatment note advised Plaintiff to "avoid prolonged immobility due to this condition," but this is misleading. Notably, APS was not listed as a current diagnosis in this treatment note. (Tr. 402-05). Additionally, the recommendation to avoid prolonged immobility was in a very specific context. The doctor noted that, if Plaintiff needed surgery, she needed to "inform her surgeon of her dx, and that she need[ed] to avoid prolonged immobility and need[ed] to inform doctors when she [was] admitted to the hospital that she has LAC" (Tr. 405). Not only was this recommendation based on the diagnosis of lupus anticoagulant, not APS, but it was tailored to a very specific situation — surgery or inpatient hospitalization. It has no bearing on any work limitations Plaintiff had two years later, after her alleged onset date. As such, the commissioner contends that Plaintiff has not met her burden of showing that her APS created any functional limitations and certainly has not shown that such limitations were work preclusive. See 20 C.F.R. § 404.1512. The undersigned agrees.

More importantly, even if the ALJ erred in not finding Plaintiff's APS, and/or fibromyalgia, to be a "severe" limitation, such error was harmless. This is because the regulations require that if one "severe" impairment exists, all impairments-severe or otherwise-must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923, 404.1545(e). Thus, where an ALJ errs in finding a particular impairment "non-severe" in step two of the analysis, the error is harmless if the ALJ finds at least one severe impairment and continues to address each impairment in determining

7

the claimant's RFC. *Meadows v. Comm'r of Soc. Sec.*, No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio 2008) (citing *Maziarz v. Secy of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Here, the ALJ's decision indicates that he properly considered and addressed all of Plaintiff's severe and non-severe impairments in determining his RFC.

Accordingly, the undersigned finds that the ALJ adequately considered all of Plaintiff's conditions in determining her RFC and therefore did not err at step-two of the sequential evaluation.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** the decision of the Commissioner to deny Plaintiff DIB benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8